IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

UNITED STATES OF AMERICA

- against -

RICHARD ZAGGER

Defendant.

------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 29 2023 ★
LONG ISLAND OFFICE

INDICTMENT
Cr. No. CR 23 491
(T. 18, U.S.C., §§ 371, 1505, and 2)

AZRACK, J.

LINDSAY, M.J.

THE GRAND JURY CHARGES THAT:

## FACTUAL BACKGROUND

At all relevant times herein:

1. Northridge Construction Corporation (NORTHRIDGE) was a privately-owned business organization, established under the laws of the State of New York in January 2016. NORTHRIDGE's principal business was wood framing of single and multi-family residences, and its office was located in East Patchogue, New York (the Office). Northridge Commercial, Inc., an affiliate company of NORTHRIDGE, specializes in light gauge and metal framing for commercial buildings.

2. Defendant Richard Zagger (ZAGGER) was a construction supervisor employed by NORTHRIDGE beginning in May 2017. As a supervisor, ZAGGER was responsible for ensuring the safety of NORTHRIDGE employees on a job site.

## OCCUPATIONAL SAFETY AND HEALTH ACT

3. The United States Department of Labor (DOL), a department of the executive branch of the United States Government, was responsible for the enforcement of federal laws pertaining to labor and employment conditions.

4. The Occupational Safety & Health Act (OSH Act) authorized the Occupational Safety & Health Administration (OSHA), an agency of the DOL, to promulgate workplace safety and health standards and required employers to comply with these standards. 29 U.S.C. §§ 654, 655.

5. Pursuant to Title 29, United States Code, Section 655, OSHA promulgated a safety and health standard covering "structural steel assembly." 29 C.F.R. § 1926.754. The standard required that "structural stability shall be maintained at all times during the erection process." 29 C.F.R. § 1926.754(a).

6. An "employer" was statutorily defined at Title 29, United States Code, Section 652(5). NORTHRIDGE was an "employer" under the OSH Act.

7. An "employee" was statutorily defined at Title 29, United States Code, Section 652(6). Garry Cook was NORTHRIDGE's "employee" under the OSH Act.

## DEATH OF NORTHRIDGE EMPLOYEE

8. On or about December 8, 2018, Defendant ZAGGER was supervising four NORTHRIDGE employees in the construction of a 36-foot by 16-foot metal shed in the yard of the Office.

9. To assemble the roof, metal trusses were first attached to the shed walls. Metal roof panels were then placed across the spans between trusses and fastened.

10. While standing on top of the partially installed roof, NORTHRIDGE employee Garry Cook attempted to fasten a panel to the front truss upon which it was laid. Because the truss was not yet attached to both sides of the shed, it gave way, causing employee Cook to fall to the concrete pad below. Emergency medical technicians transported Cook to a hospital intensive care unit where he died two days later.

## COUNT ONE
### Conspiracy
### (18 U.S.C. § 371)

11. The allegations contained in paragraphs one through ten are realleged and incorporated as if fully set forth in this paragraph.

12. On or about and between December 8, 2018, and March 29, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the Defendant RICHARD ZAGGER, together with others, did knowingly and willfully conspire to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of OSHA, in the administration and enforcement of worker safety standards and the investigation of violations of those standards.

## MANNER AND MEANS

13. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

(a) Inducing NORTHRIDGE employees to make false statements to the Suffolk County Police Department (SCPD) about how Garry Cook fell while constructing a metal shed at the Office;

3

(b) Making false statements to an OSHA Compliance Safety and Health Officer (CSHO) about how Garry Cook fell while constructing a metal shed at the Office;

(c) Inducing NORTHRIDGE employees and representatives to make false statements to an OSHA CSHO about how Garry Cook fell while constructing a metal shed at the Office; and

(d) Making false statements during a DOL deposition about how Garry Cook fell while constructing a metal shed at the Office and other worker safety violations.

14. In furtherance of the conspiracy and to affect its object, within the Eastern District of New York and elsewhere, the Defendant RICHARD ZAGGER, together and with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about December 8, 2018, after Cook's fall, Defendant ZAGGER instructed the remaining three NORTHRIDGE employees to tell law enforcement authorities that Cook fell off a ladder.

(b) On or about December 8, 2018, during an interview with an SCPD officer, Defendant ZAGGER and two NORTHRIDGE employees represented that Cook fell from an 8-foot ladder.

(c) On or about December 8, 2018, in an interview with an SCPD detective, NORTHRIDGE employee (coconspirator 1) made and signed a statement claiming that Cook fell from the sixth rung of a blue ladder while attempting to screw in a roof panel.

(d) On or about December 11, 2018, a representative of NORTHRIDGE told an OSHA CSHO investigating Cook's fall that Cook fell from a ladder.

(e) On or about December 11, 2018, Defendant ZAGGER wrote a statement claiming that he did not witness Garry Cook fall because his back was turned.

(f) On or about and between December 11, 2018, and January 16, 2019, Defendant ZAGGER instructed coconspirator 1 to tell government authorities the crew were using lifts and ladders when assembling the shed roof.

(g) On or about January 16, 2019, coconspirator 1 made a misleading statement to an OSHA CSHO by claiming that he was using the scissor lift on the left side of the shed and did not know from where Cook fell.

(h) On or about January 16, 2019, Defendant ZAGGER submitted the misleading hand-written statement he prepared on December 11, 2018, to an OSHA CSHO.

(i) On or about January 16, 2019, Defendant ZAGGER falsely claimed in a statement to an OSHA CSHO that he did not witness the incident that occurred at the Office on December 8, 2018.

(j) On or about January 16, 2019, Defendant ZAGGER falsely claimed in a statement to an OSHA CSHO that Cook and another NORTHRIDGE employee were on the scissor lift immediately prior to Cook falling to the ground.

(k) On or about March 29, 2019, Defendant ZAGGER falsely stated during a DOL deposition that, at no point during the day Garry Cook fell and was injured, was any worker on the roof of the shed.

(l) On or about March 29, 2019, Defendant ZAGGER misleadingly represented during a DOL deposition that workers were not standing atop the adjacent storage container while assembling the shed.

(m) On or about March 29, 2019, Defendant ZAGGER falsely stated during a DOL deposition that Garry Cook was on the scissor lift inside of the shed at the time that he fell.

(n) On or about March 29, 2019, Defendant ZAGGER misleadingly represented during a DOL deposition that on December 8, 2018, no employee was installing roof panels other than by using the scissor lift in the shed.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
**Obstruction of Official Proceeding**
**(18 U.S.C. § 1505)**
**(18 U.S.C. § 2)**

15. The allegations contained in paragraphs one through ten are realleged and incorporated as if fully set forth in this paragraph.

16. On or about December 11, 2018, in the Eastern District of New York, RICHARD ZAGGER, did corruptly endeavor to influence, obstruct, and impede the due and proper administration of law under which a pending proceeding was being had before OSHA, an agency of the executive branch of the Government of the United States, by making a false statement to an OSHA CSHO during a site visit, that is, claiming Garry Cook fell from a ladder on December 8, 2018.

All in violation of 18 U.S.C. §§ 1505 and 2.

# COUNT THREE
## Obstruction of Official Proceeding
## (18 U.S.C. § 1505)
## (18 U.S.C. § 2)

17. The allegations contained in paragraphs one through ten are realleged and incorporated as if fully set forth in this paragraph.

18. On or about January 16, 2019, in the Eastern District of New York, Defendant RICHARD ZAGGER, did corruptly endeavor to influence, obstruct, and impede the due and proper administration of law under which a pending proceeding was being had before OSHA, an agency of the executive branch of the Government of the United States, by making false and misleading statements in response to questioning by an OSHA CSHO about Garry Cook's fall on December 8, 2018, in that the Defendant RICHARD ZAGGER, represented: (i) he did not witness the incident and; (ii) Garry Cook and another NORTHRIDGE employee were on the scissor lift just prior to Cook falling to the ground.

All in violation of 18 U.S.C. §§ 1505 and 2.

# COUNT FOUR
## Obstruction of Official Proceeding
## (18 U.S.C. § 1505)
## (18 U.S.C. § 2)

19. The allegations contained in paragraphs one through ten are realleged and incorporated as if fully set forth in this paragraph.

20. On or about March 29, 2019, in the Eastern District of New York, Defendant RICHARD ZAGGER, did corruptly endeavor to influence, obstruct, and impede the due and proper administration of law under which a pending proceeding was being had before OSHA, an agency of the executive branch of the Government of the United States, by making false and misleading statements during a DOL deposition regarding potential federal worker safety

regulatory violations committed on December 8, 2018, that: (i) at no point in the day was a worker on the shed roof; (ii) workers were not standing on the container adjacent to the shed; (iii) while employees were in the shed working on the roof, they were wearing hard hats; (iv) the last time ZAGGER saw Garry Cook, he was on the scissor lift in the shed installing roof panels; (v) no employee was installing roof panels other than on the scissor lift inside the shed; (vi) at the time Garry Cook fell, two other workers were on each end of the front truss with a ladder locking the trusses in; (vii) ZAGGER had no understanding of how the incident occurred; and (viii) ZAGGER did not have a conversation with the other employees about what had happened before the police got there.

All in violation of 18 U.S.C. §§ 1505 and 2.

A TRUE BILL

_____
FOREPERSON

TODD KIM
Assistant Attorney General
Environment and Natural
Resources Division

By: _____
R.J. Powers
Senior Trial Attorney
Environmental Crimes Section

_____
Rachel Roberts
Trial Attorney
Environmental Crimes Section

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

RICHARD ZAGGER,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 1505, and 2)

*A true bill.*

_____
                                                      *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                      *Clerk*

*Bail, $* _____

*R.J. Powers, Senior Trial Attorney, Environmental Crimes Section*